UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARVIN GLOVER, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| -v- | Index No. 17-5198 |
| NEW YORK CITY POLICE DEPARTMENT ("NYPD") DETECTIVE DAVID GUEVARA, SHIELD NO. 7165, and NYPD OFFICER "UNDERCOVER #00276", | ECF CASE |
| Defendants. | |

---

Plaintiff, MARVIN GLOVER, by counsel, GIDEON ORION OLIVER, as and for Plaintiff's Complaint against Defendants, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. On November 3, 2013, Plaintiff Marvin Glover was lawfully present in New York County when he was falsely arrested, detained, and subsequently prosecuted for allegedly engaging in an alleged marijuana sale that he had nothing to do with. Surveillance video provided by his criminal defense counsel to prosecutors proved his lack of involvement. Yet the police pressed the case forward. After numerous court appearances, on July 30, 2014, all charges against Mr. Glover were dismissed on speedy trial grounds.

2. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 for violations of his civil rights, as secured by the Constitution of the United States.

**JURISDICTION AND VENUE**

3. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

4.  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4).

5.  Venue is proper pursuant to 28 U.S.C. §1391(b) in that Plaintiff's claims arose in the Southern District of New York.

## PARTIES

6.  Plaintiff MARVIN GLOVER is an African-American male, and at all times relevant to this action was a resident of New York State.

7.  At all times relevant herein, Defendants New York City Police Department ("NYPD") DETECTIVE DAVID GUEVARA (SHIELD NO. 7165) and NYPD OFFICER "UNDERCOVER #00276" ("UC 276") were officers, employees, and agents of the NYPD and who were personally involved in depriving Plaintiff of Plaintiff's rights.

8.  Defendants are each being sued herein in their individual and official capacities.

9.  At all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment by the City of New York.

11. At all times relevant herein, as set forth more fully below, Defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

12. Each individual Defendant is sued in her or his individual and official capacities.

13. Each Defendant is liable for their personal involvement and direct participation in violating Plaintiff's constitutional rights as well as for failure to intervene to prevent or remedy the other Defendant's violations of Plaintiff's constitutional rights.

## STATEMENT OF FACTS

14. On November 3, 2013, between around 4:45PM and 5:15PM, Plaintiff Marvin Glover was lawfully present in front of One Pennsylvania Plaza, in the area often referred to as "K-mart Alley" located between 33rd Street and 34th Street in the County and State of New York.

15. At around that place at around 5:15PM, another person – "MW" – was involved in an alleged drug transaction.

16. MW left the scene and returned shortly thereafter in the company of another person, "LS."

17. LS then allegedly supplied three alleged marijuana joints to Defendant UC 276.

18. Defendant UC 276 and/or other NYPD officers then arrested Mr. Glover and MW.

19. Upon information and belief, Defendant Guevara was present at the scene of the alleged drug sale when it was allegedly committed and/or at the time of Mr. Glover's arrest.

20. LS was not arrested.

21. LS was ordered to move on.

22. LS moved on.

23. Mr. Glover had nothing to do with the alleged drug transaction.

24. Defendant UC 276 knew Mr. Glover had nothing to do with the alleged drug transaction.

25. Defendant Guevara knew that Mr. Glover had nothing to do with the alleged drug transaction.

26. During the whole time period in which MW left and returned with LS, Mr. Glover had been seated on a bench.

27. When Defendant UC 276 participated in arresting Mr. Glover, Defendant UC 276 knew that Plaintiff Glover had nothing to do with the alleged drug transaction.

28. Upon information and belief, at that time, Defendant Guevara also knew that Plaintiff Glover had nothing to do with the alleged drug transaction.

29. When Mr. Glover asked why he was being arrested, an NYPD officer pointed at MW.

30. MW told the officers who were involved in arresting him, including, upon information and belief, Defendant UC 276, that Plaintiff Glover had nothing to do with the alleged drug transaction.

31. Mr. Glover was placed in handcuffs at the scene of his arrest.

32. Police searched Mr. Glover at the scene of his arrest.

33. Police recovered no contraband in their search of Mr. Glover at the scene of the arrest.

34. Mr. Glover was searched when he arrived at the precinct.

35. Police recovered no contraband in their search of Mr. Glover at the precinct.

36. At some point after Mr. Glover arrived at the precinct, Mr. Glover was informed that he would be charged with selling marijuana.

37. Mr. Glover had nothing to do with any drug transaction.

38. No controlled substances or any other contraband were recovered from Mr. Glover.

39. Upon information and belief, Defendant UC 276 informed Defendant Guevara that, after MW allegedly approached Defendant UC 276 and told him he knew where get "smoke" and to wait, MW left and returned with Mr. Glover, after which Mr. Glover gave Defendant UC 276 three bags of marijuana in exchange for money.

40. As seen, Mr. Glover never left the scene with MW or otherwise, and Mr. Glover never gave Defendant UC 267 any marijuana, for money or otherwise.

41. Also as seen, UC 276 and Defendant Guevera knew or should have known that Mr. Glover had nothing to do with the alleged drug transaction.

42. UC 276 knew that Mr. Glover had not sold and was not in any way involved in allegedly selling the alleged drugs.

43. Defendant Guevara knew that Mr. Glover had not sold and was not in any way involved in allegedly selling the alleged drugs.

44. Upon information and belief, Defendant UC 276 and/or Defendant Guevara told the Office of the District Attorney of New York County ("DANY") that Defendant UC 276 had made a "confirmatory identification" of Mr. Glover.

45. Defendant Guevara informed DANY that, after MW allegedly approached Defendant UC 276 and told him he knew where get "smoke" and to wait, MW left and returned with Plaintiff Glover, after which Mr. Glover gave Defendant UC 276 three bags of marijuana in exchange for money.

46. Defendant UC 276 informed DANY that, after MW allegedly approached Defendant UC 276 and told him he knew where get "smoke" and to wait, MW left and returned

with Plaintiff Glover, after which Mr. Glover gave Defendant UC 276 three bags of marijuana in exchange for money.

47. Upon information and belief, based on the information provided to DANY by Defendant UC 276 and Defendant Guevara, a representative of DANY drew up a New York City Criminal Court Complaint to be sworn out by Defendant Guevara based in part on purported information provided by Defendant UC 276 charging Plaintiff Glover with two crimes related to marijuana sale.

48. Defendant Guevara swore out a New York City Criminal Court Complaint on November 4, 2013.

49. Defendant UC 276 signed a Supporting Deposition on November 7, 2013, swearing that the allegations in the Complaint based on information and belief purportedly provided by him were true.

50. Based on the sworn allegations provided by Defendant Guevara and Defendant UC 276, Mr. Glover faced criminal charges of violating New York Penal Law 221.40 (Criminal sale of marijuana in the fourth degree) and Penal Law 221.10(1) (Criminal possession of marijuana in the fifth degree).

51. Mr. Glover was deprived of his liberty in connection with his arrest and prosecution in this case while he awaited arraignment between November 3, 2013 and November 4, 2013.

52. On November 4, 2013, DANY asked that the New York City Criminal Court hold Mr. Glover in custody and set $750 bail.

53. The New York City Criminal Court released Mr. Glover on his own recognizance pursuant to New York State Criminal Procedure Law ("CPL") Section 510.40.

54. During the pendency of his criminal court case, Plaintiff Glover was required to remain at all times subject to and amenable to the processes, orders, and mandates of the New York City Criminal Court.

55. Upon information and belief, Mr. Glover was compelled to make at least seven court appearances between his release from custody on November 4, 2013 and July 30, 2014.

56. Mr. Glover was forced to miss work on each of those dates.

57. In 2014, Mr. Glover's defense counsel in the criminal court case provided DANY with raw and enhanced versions of security camera video providing further proof that Mr. Glover had nothing to do with the alleged drug sale.

58. Upon information and belief, DANY made Defendants aware of, and/or Defendants reviewed, such video.

59. Nevertheless, upon information and belief, Defendants continued to participate in and otherwise persisted with the prosecution of criminal charges for allegedly selling and possessing drugs against Mr. Glover.

60. That prosecution was ultimately dismissed on speedy trial grounds on July 30, 2014.

61. As a result of the foregoing, Plaintiff was deprived of Plaintiff's liberty, suffered emotional injury, incurred costs and expenses, and was otherwise damaged and injured.

## FIRST CLAIM

## DEPRIVATION OF FAIR TRIAL RIGHTS

62. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

63. Defendants fabricated evidence of a material nature, likely to influence a jury's decision, and intentionally forwarded that evidence to DANY, as a result of which Plaintiff suffered deprivations of liberty.

64. As a result of Defendants' misconduct, Plaintiff suffered significant pre- and post-arraignment deprivations of liberty.

65. After Plaintiff's arraignment, Plaintiff was required to return to court at least seven times.

66. For example, the New York City Criminal Court released Mr. Glover on his own recognizance pursuant to CPL Section 510.40.

67. Additionally, during the pendency of his criminal court case, Mr. Glover was required to remain at all times subject to and amenable to the processes, orders, and mandates of the New York City Criminal Court.

68. After Plaintiff's arraignment, the ongoing criminal case imposed other restrictions on Plaintiff's abilities to travel and other liberty restrictions.

69. As a result of the foregoing, Plaintiff was deprived of Plaintiff's liberty, suffered emotional injury, incurred costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## MALICIOUS PROSECUTION

70. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

71. Defendants misrepresented and falsified evidence regarding Mr. Glover's conduct and their observations of it, which they forwarded to DANY.

72. Defendants did not make a complete and full statement of facts to DANY.

73. Defendants withheld exculpatory evidence from DANY.

74. Defendants were directly and actively involved in the initiation or prosecution of criminal proceedings against Plaintiff, including by supplying and creating false information that was included in NYPD paperwork sent to DANY, providing falsely sworn information in accusatory instruments created by DANY based on information provided by Defendants, and otherwise providing false information to DANY.

75. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

76. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

77. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

78. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

79. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

80. Defendants misrepresented and withheld evidence throughout all phases of the criminal proceedings.

81. Notwithstanding Defendants' misconduct, the criminal proceedings against Plaintiff was favorably terminated on the merits within the meaning of New York law.

82. Specifically, on July 30, 2014, the proceedings were dismissed on speedy trial grounds.

83. As a result of the foregoing, Plaintiff was deprived of Plaintiff's liberty, suffered emotional injury, incurred costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

84. Plaintiff demands a trial by jury in this action of all issues pursuant to Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

A. Compensatory damages against the Defendants jointly and severally; and

B. Punitive damages against the individual Defendants; and

C. Attorney's fees and costs pursuant to 42 USC § 1988; and

D. Such other and further relief as the Court deems just and proper.

DATED: New York, New York
July 11, 2017

Respectfully submitted,

_____
Gideon Orion Oliver
*Attorney for Plaintiff*
277 Broadway, Suite 1501
New York, NY  10007
646-263-3495